**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 12-30332 |
| Plaintiff - Appellee, | D.C. No. 2:11-cr-00330-RSM-1 |
| v. | |
| TODD ALLEN HOSS, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Western District of Washington
Ricardo S. Martinez, District Judge, Presiding

Submitted July 8, 2014[**]
Seattle, Washington

Before: ALARCÓN, TASHIMA, and MURGUIA, Circuit Judges.

Todd A. Hoss appeals from his ninety-six-month sentence that the district

court imposed based on his conviction on five counts of mail fraud in violation of

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

18 U.S.C. § 1341. We have jurisdiction pursuant to 18 U.S.C. § 3742(a) and 28 U.S.C. § 1291. We affirm.

First, the district court did not clearly err in reasonably estimating, as part of the total loss in this case, that the HMI 1, LLC investors' net loss amounted to approximately $1.6 million and that Hoss was not due any credit against this loss amount for the sale of the Bellevue, Washington property. *See United States v. Stargell*, 738 F.3d 1018, 1024 (9th Cir. 2013) ("A calculation of the amount of loss is a factual finding reviewed for clear error." (citation and internal quotation marks omitted)); U.S. Sentencing Guidelines Manual § 2B1.1 cmt. n.3(C) (2011) (stating a "court need only make a reasonable estimate of the loss" that "shall be based on available information").

The trial evidence established that, before the sale of the Bellevue property, the HMI 1, LLC investors had lost approximately $1.6 million. The trial evidence also established that, after HMI 1, LLC owned the Believe property, investor Greenway spent approximately $1.6 million of his own money in order to sell the property. Investor Greenway's October 1, 2012 post-trial email stated that the property sold for $1.85 million, less closing costs of $107,000, for a net sale of approximately $1,743,000. Greenway's post-trial email also indicated that his expenses since trial had increased to over $1.7 million. As a result, the proceeds

2

from the sale of the Bellevue property served to reimburse Greenway individually, but there was no surplus from the sale to reduce the HMI 1, LLC investors' loss.

Second, the district court did not plainly err by not holding an evidentiary hearing *sua sponte* on the amount of loss attributable to HMI 1, LLC. *See United States v. Berry*, 258 F.3d 971, 976 (9th Cir. 2001) (holding where a defendant "fail[s] to request an evidentiary hearing in district court" we review the court's decision not to hold an evidentiary hearing *sua sponte* pursuant to Rule 32 of the Federal Rules of Criminal Procedure "for plain error").

In his opening brief, Hoss asserts that he "argued for a hearing to assess the loss . . . but the district court never addressed the request." Defendant-Appellant's Opening Br. at 18. In his reply brief, however, Hoss concedes that he in fact did not request an evidentiary hearing. Defendant-Appellant's Reply Br. at 2 ("At the sentencing hearing, Mr. Hoss did not accept [HMI 1, LLC loss] numbers at face value and assumed that the court would provide an evidentiary hearing in which he could dispute the figures . . . ."). The record also does not support Hoss's argument that he requested an evidentiary hearing. Additionally, as described above, the trial evidence, which Hoss does not dispute, established that the proceeds from the sale of the Bellevue property were insufficient to cover both investor Greenway's expenses and the HMI 1, LLC investors' loss. Hoss does not

3

raise any challenge to the Government's post-trial submissions that, if valid, would materially affect his sentence.

**AFFIRMED.**